UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FABIOLA GENAO DE VALDEZ and ENMANUEL DE JESUS,<br><br>    Plaintiffs,<br><br>v.<br><br>A. DUIE PYLE, INC. and FRANK WENDLING.,<br><br>    Defendants. | **MEMORANDUM & ORDER**<br>24-CV-05376 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Before the Court are Defendants, A. Duie Pyle, Inc. and Frank Wendling's, letter motions seeking (1) to disqualify Plaintiffs' counsel, *see* ECF No. 15 (Motion to Disqualify), and (2) to amend their answer and counterclaims to add an additional affirmative defense and counterclaim for common law fraud, *see* ECF No. 17 (Motion to Amend).  Plaintiffs Fabiola Genao de Valdez and Enmanuel de Jesus oppose both motions.  ECF No. 18 (Opposition to Motion to Disqualify); ECF No. 19 (Opposition to Motion to Amend).  For the reasons set forth below, the Court GRANTS both motions.

## BACKGROUND

Plaintiffs filed their Complaint in Kings County Supreme Court on January 23, 2024, asserting claims related to injuries they allegedly suffered in a car accident on September 5, 2023.  ECF No. 1-2 (Complaint).  Plaintiffs allege that Ms. Genao De Valdez was driving a vehicle in which Mr. De Jesus was the passenger, when they collided with a truck owned by Defendant A. Duie Pyle, and operated by co-Defendant Frank Wendling.  *Id.* ¶¶ 13–28, 38–39.  Plaintiffs are both represented in this action by Cherny & Podolsky, PLLC.  Defendant A. Duie Pyle filed its answer in Kings County Supreme Court on February 26, 2024, and asserted two

counterclaims against Ms. Genao De Valdez for "contribution and/or indemnification" for "all or part of any verdict or judgment that [Mr. De Jesus] may recover against [D]efendants" and to recover expenses A. Duie Pyle incurred repairing the truck involved in the accident. ECF No. 1-3 ¶¶ 80–84 (Answer and Counterclaim). Defendants removed the action to this Court on July 31, 2024. ECF No. 1 (Notice of Removal). On October 21, 2024, Defendants filed a flurry of motions that, as relevant to this Order, seek to disqualify Plaintiffs' counsel based on an alleged conflict of interest caused by the joint representation of the driver and passenger in a car accident, ECF No. 15, and to amend Defendants' Answer and Counterclaim to add an additional affirmative defense and a counterclaim for common law fraud. ECF No. 17-4 ¶¶ 70, 86–97.

## DISCUSSION

### I.     Defendants' Motion to Disqualify

Defendants argue that Cherny & Podolsky's representation of both Plaintiffs in this action is an unwaivable conflict of interest because, as the passenger and driver, they have differing interests, including a potential claim that Mr. De Jesus may have against Ms. Genao De Valdez. ECF No. 15 at 2. Plaintiffs counter that there is no such conflict because Plaintiffs are family members who provided informed consent to being represented by the same attorneys, and Mr. De Jesus directed Cherny & Podolsky not to assert any claims against Ms. Genao De Valdez and signed a waiver stating as much. ECF No. 18 at 2.

"In deciding whether to disqualify an attorney, a district court must balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." *GSI Com. Sols., Inc. v. BabyCenter, LLC*, 618 F.3d 204, 209 (2d Cir. 2010).[1]

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*Gonzalez Chambers Work Product – Not for Public Distribution*

Courts have applied the "well-established rule" that a lawyer may not concurrently represent a client with interests materially adverse to those of another client "specifically to concurrent representation of both the driver of an automobile involved in an accident as well as a passenger in the same automobile." *Cohen v. Strouch*, No. 10-cv-7828, 2011 WL 1143067, at *3 (S.D.N.Y. Mar. 24, 2011) ("Even where a passenger has *not* brought a claim against the driver of the car they were in at the time of an accident, a conflict arises from the concurrent representation of driver and passenger because there is the potential for such a claim."); *see also Shaikh ex rel. Shaikh v. Waiters*, 710 N.Y.S.2d 873, 875 (N.Y. Sup. Ct. 2000) (explaining that "an attorney who represents both plaintiff driver and plaintiff passenger has created a conflict of interest" and violated the disciplinary rules).  Indeed, "[e]ven when the driver and passenger are family members and co-plaintiffs in an action, concurrent representation of these parties will result in a conflict of interest due to their differing interests." *Cohen*, 2011 WL 1143067, at *3 (citing *Sidor v. Zuhoski*, 690 N.Y.S.2d 637, 638–38 (N.Y. App. Div. 1999) and *Pessoni v. Rabkin*, 633 N.Y.S.2d 338, 338–339 (N.Y. App. Div. 1995)); *see also Ferrara v. Jordache Enters., Inc.*, 819 N.Y.S.2d 421, 422–23 (N.Y. Sup. Ct. 2006) ("The dual representation by one firm of a driver and passenger in an automobile involved in a collision constitutes a conflict of interest in violation of the disciplinary rules" because "where the driver is not joined as a defendant, the plaintiff passenger may well lose a valuable opportunity for recovery if in fact the other driver is exculpated.").  This conflict arises, at least in part, due to the risk that the attorney might have to violate "either the ethical rule requiring an attorney to preserve a client's confidences, or the rule requiring an attorney to represent a client zealously" if he learned information about, say, the driver, relevant to his representation of the passenger.  *Alcantara v. Mendez*, 756 N.Y.S.2d 90, 92 (N.Y. Sup. Ct. 2003).

*Gonzalez Chambers Work Product – Not for Public Distribution*

Plaintiffs' counsel argues that the waivers they received from Plaintiffs are sufficient to overcome any potential conflict since, consistent with Rule 1.7(b) of the Rules of Professional Conduct, they "reasonably believe[d]" that they would "be able to provide competent and diligent representation to each affected client." ECF No. 18 at 2. However, "[r]eliance solely upon client waiver and consent . . . as justification for representation of a passenger and driver involved in a motor vehicle accident is insufficient and is, in any event, always hazardous." *Tavarez v. Hill*, 870 N.Y.S.2d 774, 777 (N.Y. Sup. Ct. 2009); *see also Ganiev v. Nazi*, 730 N.Y.S.2d 661, 662 (N.Y. App. Div. 2001) (disqualifying plaintiff's counsel and finding a conflict of interest despite submission of a waiver "of any and all conflict"); *Cohen*, 2011 WL 1143067, at *5 (holding that client consent was not sufficient to allow for the concurrent representation of a driver and a passenger with adverse interests in the same matter). This is especially true in cases such as this where Defendants have asserted a counterclaim against the driver of the vehicle, because "[t]he assertion of the counterclaim necessarily places [the driver's] pecuniary interests in conflict with those of [their] passengers" because the passengers have the "ability to assert claims against [the driver] for their alleged negligent operation of the vehicle just as the defendants have done in the counterclaim." *Dorsainvil v. Parker*, 829 N.Y.S.2d 851, 855–56 (N.Y. Sup. Ct. 2006) (holding that even if passengers had consented to the joint representation and signed a waiver, "a crystalized actual conflict" arose for counsel representing plaintiff-passenger and plaintiff-driver "with the defendants['] assertion of the counterclaim"); *see also Shelby v. Blakes*, 11 N.Y.S.3d 211, 213 (N.Y. App. Div. 2015) (explaining that once the defendant in a car accident case asserted a counterclaim against the plaintiff-driver, "the pecuniary interests of the [plaintiff-]driver conflicted with those of the [plaintiff-]passenger"). Indeed, the rules of professional conduct require "a belief under a

*Gonzalez Chambers Work Product – Not for Public Distribution*

reasonable lawyer standard that the attorney will be able to provide competent and diligent representation to each affected client" and "[w]hen one party's interest could adversely affect the other, a court may conclude that such belief would not be reasonable." *Cohen*, 2011 WL 1143067, at *5; *see also Shaikh*, 710 N.Y.S.2d at 876 (finding that "a disinterested lawyer would not believe that there can be competent representation" where a firm concurrently represents a driver and passenger involved in a motor vehicle accident").

Here, apart from relying on the waivers executed by their clients and their own "reasonable belief," Plaintiffs' counsel provides no authority for their proposition that disqualification is not warranted in this case.[2] Given that the same attorneys are representing both the injured passenger and the driver, who is also the counterclaim defendant, the Court finds that an irreconcilable conflict exists, and disqualification of Cherny & Podolsky from representing *either* Plaintiff in this action is required. *Alcantara*, 756 N.Y.S.2d at 92; *see also Ferrara*, 819 N.Y.S.2d at 422 ("The dual representation by one firm of a driver and passenger in an automobile involved in a collision . . . warrants the removal of counsel from further dual representation of . . . either [plaintiff] since such continued representation would necessarily result in a violation of the firm's fiduciary obligations to preserve client confidentiality and vigorously represent the clients' interests.").

Cherny & Podolsky must serve a copy of this Order on both Plaintiffs via mail, email, and any other means of communication previously used to communicate with Plaintiffs, and file proof of service on the docket on or before November 14, 2024. After doing so, Cherny &

---

[2] The Court shares Plaintiffs' counsel's concern that the timing of this motion by Defendants' counsel is part of a tactical move. ECF No. 18 at 2–3. Nonetheless, despite Defendant's counsel's unexplained delay in bringing this motion, the legal basis for the motion is sound and the outcome here is unavoidable.

*Gonzalez Chambers Work Product – Not for Public Distribution*

Podolsky must promptly withdraw from representing any Plaintiff in this action. Ms. Genao de Valdez and Mr. De Jesus shall have 45 days from the date of this Order to find new counsel or, alternatively inform the Court that they intend to proceed *pro se* by filing a letter on the docket stating as much and providing the Court with their addresses and any other relevant contact information.

## II.     Defendants' Motion to Amend

Defendants seek permission to amend their complaint to add as an additional affirmative defense that Ms. Genao De Valdez intentionally caused the collision and is fraudulently seeking damages, and to add an additional counterclaim against Ms. Genao De Valdez for fraud. ECF No. 17 at 1–3. Plaintiffs oppose Defendants' request, arguing that the proposed amendments are futile. ECF No. 19 at 1.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend a pleading only with leave of the Court or written consent from the opposing party, but courts should "freely give leave when justice so requires." Amendment may only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Bensch v. Est. of Umar*, 2 F. 4th 70, 81 (2d Cir. 2021). The party opposing amendment "bears the burden of demonstrating good reason for denial." *Cook v. City of New York*, 243 F. Supp. 3d 332, 340 (E.D.N.Y. 2017).

Plaintiffs only address futility, arguing that Defendants cannot establish justifiable reliance or injury, which are elements of a fraud claim under New York law. ECF No. 19 at 1. To make out a fraud claim under New York law, Defendants must establish that Plaintiffs made a "(1) material misrepresentation or omission, (2) with knowledge of its falsity, (3) for the purpose of inducing an action by [Defendants], (4) that was reasonably relied upon, and (5) that

caused injury. *Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022). Allegations of fraud are "subject to a heightened pleading standard," and when alleging fraud, "a party must state with particularity the circumstances constituting fraud." *Silverman v. Household Fin. Realty Corp. of New York*, 979 F. Supp. 2d 313 (E.D.N.Y. 2013). Despite Plaintiffs' arguments, the Court finds that Defendants' proposed fraud counterclaim, as alleged in the proposed Amended Answer, *see* ECF No. 17-4, includes facts sufficient to establish the elements of fraud under New York law at this stage and states with particularity the relevant circumstances. Accordingly, permitting Defendants to file their proposed Amended Answer would not necessarily be futile. *See Rossi v. Gem Nation Corp.*, No. 21-cv-2197, 2021 WL 7906550, at *3 (E.D.N.Y. July 27, 2021).

Plaintiffs do not address the other factors that courts consider when determining whether leave to amend should be granted. *See generally* ECF No. 19. While they generally accuse Defendants of "attempt[ing] to deter the [P]laintiffs from pursuing their case" and of engaging in delay by bringing the instant motion nine months "after this case was commenced," they do not cite any case law to support their position that this delay supports denying leave to amend and do not address any other factor specifically. *Id.* at 4. Plaintiffs do not, for example, argue that the amendment would cause them undue prejudice, which is "among the most important reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). And, while the Court agrees with Plaintiffs' barely-articulated point that Defendants delayed in bringing this motion, Plaintiffs have not shown that the delay was the result of bad faith. *See, e.g.*, *Blagman v. Apple, Inc.*, No. 12-cv-5453, 2014 WL 2106489, at *3 (S.D.N.Y. May 19, 2014) (granting leave to amend and explaining that "[t]o the extent that [the party opposing amendment] claim[s] that [the other party's] delay was strategic, they provide no

*Gonzalez Chambers Work Product – Not for Public Distribution*

showing of bad faith apart from the delay itself"). And, as to Plaintiffs' assertion that Defendants were in possession of certain evidence sufficient to support their new counterclaim prior to the commencement of this litigation, *see* ECF No. 19 at 3, "the fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not by itself give rise to an inference of bad faith." *Randolph Foundation v. Duncan*, No. 00-cv-6445, 2002 WL 32862, at *3 (S.D.N.Y. Jan. 11, 2002). Here, Plaintiffs bear the burden of demonstrating good cause for the Court to deny Defendants leave to amend their counterclaim. *See Cook*, 243 F. Supp. 3d at 340. They have not met that burden. Accordingly, Defendants' motion to amend their Answer and Affirmative Defenses is granted. Defendants must file their amended Answer on or before November 14, 2024.

*Gonzalez Chambers Work Product – Not for Public Distribution*

## CONCLUSION

For the reasons set forth herein, the Court grants both Defendants' Motion to Disqualify and Motion to Amend.  Cherny & Podolsky must serve a copy of this Order on all Plaintiffs via mail, email, and any other means of communication previously used to communicate with Plaintiffs, and file proof of service on the docket on or before November 14, 2024.  After doing so, Cherny & Podolsky must promptly withdraw from representing any Plaintiff in this action.  Ms. Genao de Valdez and Mr. De Jesus shall have 45 days from the date of this Order to find new counsel or, alternatively inform the Court that they intend to proceed *pro se*.  Defendants shall file their amended Answer on or before November 14, 2024.  All other deadlines in this action shall be stayed pending Plaintiffs' efforts to find new counsel.

SO ORDERED.

                 */s/ Hector Gonzalez*
                 HECTOR GONZALEZ
                 United States District Judge

Dated: Brooklyn, New York
        November 7, 2024