UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FABIOLA GENAO DE VALDEZ, *et al.*,

                Plaintiffs,

    -against-                                   **ORDER**
                                              24 CV 5376 (HG) (CLP)

A. DUIE PYLE, INC., FRANK
WENDLING,

                Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On January 23, 2024, plaintiffs Fabiola Genao De Valdez and Enmanuel De Jesus[1] commenced this personal injury action against defendants A. Duie Pyle, Inc. and Frank Welding ("defendants") in the Supreme Court of New York, Kings County, seeking damages for injuries allegedly incurred during a September 5, 2023 motor vehicle accident. (ECF No. 1-2). The action was removed to federal court on July 31, 2024. (ECF No. 1).

Currently pending before this Court are defendants' two motions to compel. (See Referral Order, dated March 4, 2025). Defendants' February 28, 2025 motion seeks to compel plaintiff De Valdez's former counsel, Cherny & Podolsky PLLC (the "Cherny Firm" or "Firm"), to respond to a subpoena duces tecum requesting the production of certain documents (ECF No. 41), while the March 3, 2025 motion seeks to compel plaintiff De Valdez to produce certain discovery (ECF No. 44). Plaintiff and the Cherny Firm have neither participated in the motion drafting process set forth in Judge Gonzalez's rules nor responded to the motions. (See ECF Nos. 41, 44).

For the reasons set forth below, the Court grants defendants' motions.

---

[1] On April 2, 2025, plaintiff De Jesus was dismissed from the action by Order of the district court. (See Docket Order, dated April 2, 2025).

1

DISCUSSION

    A.  <u>Defendants' Motion to Compel Discovery from Plaintiff De Valdez</u>

Defendants move to compel plaintiff De Valdez to produce documents and other discovery demanded in defendants' January 7, 2025 Notice to Produce pursuant to Rule 37(a)(3)(B)(iv), as well as copies of all automatic disclosures as required by Rule 26(a)(1)(A).[2] (3/3/25 Mot.[3] at 1). Defendants also seek an extension of the March 7, 2025 fact discovery deadline. (<u>Id.</u>)

Defendants assert that they served a post-deposition Notice to Produce on January 7, 2025. (<u>Id.</u> at 2 (citing Ex. A)). On January 8, 2025, defendants conferred with plaintiff's counsel to identify remaining discovery, and later reminded plaintiff's counsel that initial disclosures still needed to be provided and responses to the Notice to Produce were due on February 7, 2025. (<u>Id.</u>) In a Joint Status Report filed on February 13, 2025, defendants' counsel noted plaintiff's continued failure to respond to the Notice to Produce. (<u>Id.</u>) In explaining his failure to respond, plaintiff's new counsel, Michael Biniakewitz, Esq., indicated that plaintiff's prior counsel "'was unresponsive to their requests for information necessary to completing a response.'" (<u>Id.</u>) On February 27, 2025, after defendants made several attempts to confer on the outstanding discovery issues, Mr. Biniakewitz indicated that he was continuously on trial and continued to blame prior counsel for failing to respond to his inquiries. (<u>Id.</u>) Defendants then resolved co-plaintiff De Jesus's claims, again requesting that plaintiff De Valdez's counsel participate in the joint letter for motion submission on March 3, 2025. (<u>Id.</u>)

---

[2] The joint letter asserts that counsel defending Ms. De Valdez on the counterclaim has served Rule 26 disclosures, but that counsel representing her as plaintiff has not. (ECF No. 44 at 1 n.2).

[3] Citations to "3/3/25 Mot." refer to the joint letter in support of defendants' motion to compel discovery, filed by defendants and counterclaim defendant De Valdez on March 3, 2025 (ECF No. 44).

2

Defendants assert that plaintiff De Valdez is in clear violation of Rule 34, which provides that a party served with a discovery request "must respond in writing within 30 days after being served." (Id. (quoting Fed. R. Civ. P. 34)). Defendants also argue that plaintiff's failure to respond in a timely fashion constitutes a waiver of any objection to defendants' requests. (Id. at 2-3 (citing Favors v. Cuomo, No. 11 CV 5632, 2013 U.S. Dist. LEXIS 202767, at *13 (E.D.N.Y. Aug. 27, 2023))). Since plaintiff's counsel never requested an extension of time from the Court or opposing counsel, defendants argue that plaintiff's failure to respond to defendants' requests "should not be countenanced, nor should plaintiff be rewarded for her tardiness by failing to agree to permit [d]efendants to obtain discovery past the . . . March 7, 2025 Fact Discovery Deadline." (Id. at 3). Defendants further contend that any excuse based upon current counsel's alleged need to obtain information from plaintiff's prior counsel is not a "valid excuse," nor is there any basis for excusing plaintiff's failure to provide Rule 26 disclosures or to identify plaintiff's "treating physicians" who may be called as witnesses at trial. (Id.)

Despite counsel's efforts, plaintiff's counsel has neither complied with Judge Gonzalez's rules nor filed any response whatsoever to defendants' March 3, 2025 letter motion. With respect to discovery motions, Judge Gonzalez's rules explicitly provide that "in lieu of separate letters by the parties, counsel must describe their dispute(s) in a single letter, jointly composed." (IV(A)(1)). His rules also require "[s]trict adherence to Fed. R. Civ. P. 37(a)(1), the meet and confer rule," and indicate that the joint submission should clearly describe the time, place, and duration of the meet and confer, along with the name of involved counsel. (Id.) Based upon defendants' March 3, 2025 letter motion, defendants made numerous attempts to meet and confer in an effort to persuade plaintiff to respond to the outstanding discovery requests and to participate in filing the joint letter required by Judge Gonzalez's rules, yet plaintiff's counsel

appears to have been noncooperative. (3/3/25 Mot. at 2). Although defendants attempted to comply with the prerequisites for bringing a discovery dispute to the district court's attention, it appears that plaintiff De Valdez has refused to either produce the responses required by the Federal Rules or provide an explanation for her failure to comply with Judge Gonzalez's requirements for a joint letter.[4]

Given plaintiff's failure to respond to defendants' Notice to Produce and provide Rule 26(a) initial disclosures, the Court Orders plaintiff to provide responsive materials on or before **May 20, 2025**. Failure to provide all responsive materials will result in a recommendation that the case be dismissed for failure to prosecute.

B. Defendants' Motion to Compel Subpoena Response

Defendants also move to compel compliance with a January 9, 2025 subpoena duces tecum served on plaintiff De Valdez's former counsel, the Cherny Firm. (See 2/28/25 Mot.[5] at 1). The subpoena seeks production of the following: (1) all written communications including, *inter alia*, documents, letters, emails, text messages between the Cherny Firm and plaintiff's medical providers related to treatment referrals; (2) all emails by and between Iryna Krichmaryov and Monica Smirnov regarding plaintiff's referrals for medical treatment from September 1, 2023 to the date of the defendants' letter; (3) agreements, contracts, and other documents relating to loans, advances, or other economic arrangements from any source related to the underlying incident, including the funding of litigation or any potential recovery; and (4) any agreements, charging lien notices, emails, or other communications between the Cherny

---

[4] If plaintiff's counsel assumed that this Court's rules applied, he is still in violation. Subsection V(B) of this Court's rules clearly indicate that parties filing opposition papers in response to a letter motion raising a discovery dispute "must respond . . . within five (5) business days of receipt of the movant's letter" unless the Court sets a different schedule. Over two months have passed with no response from plaintiff's counsel.

[5] Citations to "2/28/25 Mot." refer to defendants' letter motion to compel compliance with their subpoena duces tecum, filed on February 28, 2025 (ECF No. 41).

4

Firm and new counsel, Khavinson & Madronico, PC, relating to their retention as counsel for plaintiff De Valdez and/or payment or entitlement to fees and expenses related to the representation of plaintiff. (Id.)

Defendants assert that the Firm's January 27, 2025 subpoena response included boilerplate objections that the requests were "overbroad, unduly burdensome requiring disclosure of privileged information," and that the Firm did not possess any responsive materials related to Request Nos. 1, 2, and 3. (Id. at 2). Defendants then sent a letter on February 6, 2025, indicating that the objections were untimely and thus waived under Rule 45 and Local Civil Rule 26.2. (Id. (citing Ex. C)). On February 11, 2025, defendants attempted to confer by telephone with an attorney at the Firm, expressing concerns that a diligent search had not been conducted and that the Firm had not indicated whether it retained an interest in the litigation or was controlling or directing litigation, which is prohibited.[6] (Id.) When the Firm responded by sending an email that raised new objections, defendants notified the district court of the Firm's noncompliance in a status report. (Id. (citing Ex. D)).

Defendants assert that Rule 45(d)(2)(B) requires any subpoena objection to be served "'before the *earlier* of the time specified for compliance or 14 days after the subpoena is served.'" (Id. at 2 (quoting Fed. R. Civ. P. 45(d)(2)(B)) (emphasis added)). Given that the subpoena was served on January 9, 2025 with a return date of January 30, 2025, objections were due no later than January 23, 2025. (See id.) Since the Cherny Firm did not serve its objections until January 27, 2025, defendants contend that the Firm's objections were untimely, and thus, all

---

[6] On October 21, 2024, defendants moved to disqualify the Cherny Firm pursuant to Rule 7.1 of the New York Rules of Professional Conduct based on the inherent conflict presented by the Firm's representation of both De Valdez, the operator of the vehicle that was involved in the collision with defendants' vehicle, and passenger De Jesus who was suing for injuries suffered during the accident. (ECF No. 15). On November 7, 2024, the district court granted the motion for disqualification (ECF No. 20), and later granted the Cherny Firm's motion to withdraw. (Docket Order, dated November 15, 2024).

5

objections were waived. (Id. (citing cases)). Moreover, to the extent that the Firm asserted objections based on attorney-client or work product privilege, defendants note that the Firm did not provide a privilege log as required by Rule 45(e)(2)(A). (Id.)

Substantively, defendants argue that Request Nos. 1 and 2 bear directly on plaintiff's credibility, issues of liability, and defendants' fraud counterclaim and affirmative defenses. (Id. at 3). Plaintiff allegedly denies contacting the Cherny Firm until after her first visit to Triborough Physical Therapy – but defendants contend that an email[7] subpoenaed from plaintiff's doctor contradicts that testimony. (Id.)

Defendants also argue that Request Nos. 3 and 4 bear on the integrity of the judicial process. (Id.) Specifically, defendants raise concerns that the Cherny Firm referred plaintiff to particular doctors as well as to the successor law firm, and that the Cherny Firm may be retaining a financial interest in the litigation. (Id.) Finally, given the third-party doctor's production of the Krichmaryov email, defendants question the Firm's categorical denials regarding their possession of relevant documents responsive to any of the subpoena requests. (Id.)

Having reviewed defendants' letter motion to compel, the Court finds that defendants made the required efforts to meet and confer on the issues raised by the Cherny Firm's subpoena response as set forth in Judge Gonzalez's rules. Despite defendants' motion to compel being filed over two months ago, it also appears that the Cherny Firm has not responded to the motion. Given the Firm's failure to timely object and to provide a privilege log as required by Rule 45, the Court finds that all objections have been waived.

---

[7] Defendants assert that within three hours of plaintiff's hospital discharge, Iryna Krichmaryov, a Cherny Firm paralegal, contacted Monica Smirnov, an office clerk with the doctor, stating "here's info [sic] for 2 new patients," attaching copies of plaintiffs' driver's licenses, and asking Smirnov to contact and schedule plaintiffs for medical appointments. (Id.)

Accordingly, the Cherny Firm is Ordered to produce any responsive documentation on or before **May 20, 2025**, or provide an Affidavit from a responsible partner at the Firm asserting that a diligent search for responsive documents has been performed, and that there are no responsive documents in the possession, custody, or control of the Firm. Failure to provide responsive documents and/or an Affidavit may result in the imposition of sanctions.

The parties shall file a status report as to compliance with this Order by **May 23, 2025**.[8]

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 13, 2025                      /s/ Cheryl L. Pollak
                                                Cheryl L. Pollak
                                                United States Magistrate Judge
                                                Eastern District of New York

---

[8] The Court recognizes that defendants have asked for an extension of time to complete fact discovery, which expired on March 7, 2025. (See, e.g., Docket Order, dated February 13, 2025). In issuing the instant Order, the Court extends the discovery cut-off pending the outcome of the parties' compliance with this Order. Any further extensions or requests for extensions of discovery will be addressed after the parties file the required status report.